IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-668-BO

| | | |
|---|---|---|
| TIMOTHY HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security,* | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff's motion for judgment on the pleadings and defendant's motion to remand under sentence four of 42 U.S.C. § 405(g). A hearing was held on the motions before the undersigned on February 24, 2017, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff applied for DIB on May 1, 2012, alleging disability since March 6, 2012. His claim was denied initially and on reconsideration. An Administrative Law Judge (ALJ) then held a hearing and considered plaintiff's claim *de novo*. The ALJ found that plaintiff was not disabled in a decision dated October 22, 2014. The Appeals Council then denied plaintiff's request for review and the decision of the ALJ became the final decision of the Commissioner. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations (Listing). *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

After finding at step one that plaintiff met the insured status requirement and had not engaged in substantial gainful activity since his alleged onset date, the ALJ found at step two that plaintiff had the following severe impairments: degenerative disc disease (DDD), degenerative joint disease (DJD), plantar fasciitis, posttraumatic stress disorder (PTSD), a personality disorder, and alcohol abuse. The ALJ found that plaintiff's impairments did not alone or in combination meet or equal a Listing at step three, and found plaintiff had the residual functional capacity (RFC) to perform light work with exertional and nonexertional limitations. The ALJ went on to find at step four that plaintiff could not perform his past relevant work as a human resources advisor, community worker, tractor trailer driver, or dump truck driver. The ALJ found that, considering plaintiff's age, education, work experience, and RFC, there were jobs which existed in significant numbers in the national economy that plaintiff could perform, specifically marker, mail clerk, and router. Accordingly, the ALJ found that plaintiff was not disabled as of the date of her decision, October 22, 2014.

Defendant seeks a remand under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings and development. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (explaining that remand under sentence four involves a determination as to the correctness of the ALJ's decision, while remand under sentence six for consideration of new evidence does not). Defendant concedes that the ALJ erred in not properly articulating the weight given to the opinions of Drs. Blackshear and Bash or the disability rating provided by the Veteran's Administration. Plaintiff does not consent to remand under sentence four.

Having reviewed the record in this case, the decision of the ALJ, and the arguments by the parties, the Court in its discretion finds that reversal of the ALJ's decision is appropriate.

3

*Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is proper. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Here, the ALJ did not entirely fail to explain her reasoning and there is no ambivalence in the medical record which would preclude this Court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). Indeed, the ALJ specifically considered the opinions of Dr. Blackshear and Dr. Bash and afforded their opinions some weight. Tr. 21-22. The ALJ found that, as Drs. Blackshear and Bash had concluded, plaintiff was limited, but that he was able to perform simple unskilled work with a sit/stand option. Tr. 22. Substantial evidence does not support the ALJ's determination.

Dr. Blackshear, an examining psychologist, found that plaintiff had a very hard time focusing and sustaining attention, that plaintiff had panic attacks more than once per week that must be managed with medication, that plaintiff's memory was moderately impaired, that plaintiff was intermittently unable to perform activities of daily living due to his mood disorder, that plaintiff was unable to establish and maintain effective work, school, and social relationships due to plaintiff's isolation, near continuous panic which affects plaintiff's ability to function

4

independently and appropriately, and impaired impulse control which includes period of violence. Tr. 1370-1372.

Dr. Bash, a neuro-radiologist and examining independent medical expert for the Veteran's Administration, conducted a thorough review of plaintiff's medical records and current symptoms in March 2012. Tr. 407-418. Regarding plaintiff's mental disorder, Dr. Bash noted serious major symptoms, including suicidal ideation; extreme sleep outcomes; extreme irritability and angry outbursts; extreme difficulty concentrating; difficulty in establishing and maintaining effective work and social relationships; near continuous panic or depression which affected plaintiff's ability to function independently, appropriately, and effectively; impaired impulse control; and occupation and social impairments with deficiencies in most areas, including work. Tr. 416. Dr. Bash opined that plaintiff would have a severe impairment in obtaining or retaining employment. Tr. 417.

The opinions of Dr. Blackshear and Dr. Bash are supported by the record. Dr. Brannon, a consultative examiner with Disability Determination Services, opined that plaintiff would have difficulty adjusting adequately in a job setting, that he did not seem stable from a psychological standpoint, and that he was a volatile individual who could be violent. Tr. 622. Two non-examining state agency consultants, Jennifer Fulmer and William Farrell, found that plaintiff's anxiety and affective disorders were severe and that plaintiff had moderate limitations in social functioning and maintaining concentration, persistence, or pace. Tr. 96; 111.

At bottom, there is not substantial evidence in the record to support a finding that plaintiff could engage in sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. *Hines v. Barnhart*, 453 F.3d 559, 562

5

(4th Cir. 2006). Moreover, the evidence would further appear to support a finding that plaintiff meets or equals the criteria for Listing 12.06, anxiety disorders. Accordingly, the Court finds that reversal for an award of benefits is appropriate in this case.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion to remand [DE 21] is DENIED. The decision of the Commissioner is REVERSED.

SO ORDERED, this  /3  day of March, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6